[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-12951
Non-Argument Calendar

_____

D.C. Docket No. 4:13-cv-00031-RH-CAS

JAMES H. HARRIS,

Plaintiff-Appellant,

versus

FLORIDA AGENCY FOR HEALTH CARE ADMINISTRATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(May 18, 2015)

Before MARCUS, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

James H. Harris appeals from the district court's grant of summary judgment

to the Florida Agency for Health Care Administration ("FAHCA")  in his

employment discrimination suit under Title VII of the Civil Rights Act ("Title

VII"), 42 U.S.C. § 2000e-3(a), and the Florida Civil Rights Act ("FCRA"), Fla. Stat. § 760.10(7). He argues that the district court erred in granting FAHCA summary judgment for his claims of retaliatory termination, retaliation, and retaliatory hostile work environment. After thorough review, we affirm.

We review the grant of a motion for summary judgment de novo, applying the same legal standard as the district court. Carter v. Three Springs Residential Treatment, 132 F.3d 635, 641 (11th Cir. 1998). We view the evidence in the light most favorable to the non-moving party. Id. Summary judgment is appropriate if the pleadings, depositions, and affidavits show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Id. We apply decisions construing Title VII when considering a claim under the FCRA, and thus, do not address Harris's FCRA claims separately. Harper v. Blockbuster Entm't Corp., 139 F.3d 1385, 1387 (11th Cir. 1998).

Title VII prohibits an employer from retaliating against an employee for his opposition to an unlawful employment practice, his charge or complaint under Title VII, or his participation in an investigation, proceeding, or hearing under Title VII. 42 U.S.C. § 2000e-3(a). A plaintiff raises a prima facie case of retaliation by showing that: (1) he engaged in protected activity under Title VII; (2) he suffered an adverse employment action; and (3) a causal connection existed between the protected activity and the adverse action. Crawford v. Carroll, 529 F.3d 961, 970

(11th Cir. 2008).  If a prima facie case is established, the defendant must produce a legitimate reason for the adverse employment action.  Shannon v. BellSouth Telecomm., Inc., 292 F.3d 712, 715 (11th Cir. 2002).  Once the legitimate reason is produced, the plaintiff must show that this reason is a pretext for retaliation.  Id.

For retaliation to be prohibited under the participation clause of § 2000e-3a, the plaintiff must participate in a proceeding or activity that occurs in conjunction with a formal charge to the EEOC or after the filing of a formal charge.  EEOC v. Total Sys. Servs., Inc., 221 F.3d 1171, 1174 (11th Cir. 2000).  To engage in protected activity under the opposition clause of § 2000e-3a, a plaintiff must have a good faith, objectively reasonable belief that the employer is engaging in unlawful employment practices.  Weeks v. Harden Mfg. Corp., 291 F.3d 1307, 1311 (11th Cir. 2002).  We measure the plaintiff's belief against the substantive law at the time of the offense to determine whether his belief was objectively reasonable.  Lipphardt v. Durango Steakhouse of Brandon, Inc., 267 F.3d 1183, 1187 (11th Cir. 2001).  A plaintiff's belief about an unlawful employment practice may be objectively unreasonable if the practice he complains about falls well short of the standard necessary for an adverse action.  See Howard v. Walgreen Co., 605 F.3d 1239, 1245 (11th Cir. 2010) (holding as objectively unreasonable a plaintiff's belief that a message threatening termination was unlawful discrimination).

To demonstrate a causal connection between a protected activity and an adverse employment action, the plaintiff must show that: (1) the decisionmakers knew of his protected activity; and (2) the protected activity and adverse action were not wholly unrelated.  Shannon, 292 F.3d at 716.  In most cases, a close temporal proximity between the protected conduct and the adverse action creates a genuine issue of material fact about the causal connection between the two. Hurlbert v. St. Mary's Health Care Sys., Inc., 439 F.3d 1286, 1298 (11th Cir. 2006).  In the absence of other evidence concerning causation, a three-month proximity between the protected conduct and the adverse action does not create a jury issue about the causal connection between them.  Drago v. Jenne, 453 F.3d 1301, 1308 (11th Cir. 2006).

In this case, Harris has failed to present a prima facie case of retaliation because he presented insufficient evidence of a causal connection between any of his protected activities and his termination.  Harris's charge to the Florida Commission on Human Relations and his complaint were filed more than a year before his termination, and he presented no other evidence that his termination was related to his charge or complaint.  Harris claims he engaged in protected conduct when he assisted Valerie Davis in filing an administrative petition against FAHCA, but the complaint does not constitute protected participation conduct because it did not raise a claim of discrimination or retaliation.  In fact, the administrative petition

4

claimed a violation of Florida administrative law and mentioned no unlawful employment practice. Thus, it was a separate proceeding from any Title VII suit.

As for Harris's claim that the actions he took to assist his attorneys in drafting the petition were protected under a Title VII right to counsel, he cites no controlling authority from this Court or the Supreme Court establishing a Title VII claim for the violation of a right to counsel. Nor did Harris engage in protected opposition conduct by assisting in the petition -- indeed, his belief that FAHCA retaliated against Davis and him by modifying its evaluation procedure was not objectively reasonable. As the record shows, FAHCA's new procedure only required each attorney to prepare a separate written evaluation before the evaluations were combined into a final performance evaluation. These changes were too inconsequential to constitute a materially adverse action against Harris or Davis. Therefore, the district court did not err by granting FAHCA summary judgment for Harris's claim of retaliation regarding his termination.

Harris has also failed to show that the district court erred in granting summary judgment against him for his retaliation and a retaliatory hostile work environment claims. In retaliation cases, a materially adverse action is any action that may dissuade a reasonable worker from making or supporting a discrimination charge. Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006). The Supreme Court has noted that the significance of a retaliatory act depends on the

context of the act, and a specific action may be materially adverse in some situations but immaterial in others. Id. at 69. For example, it determined that retaliatory work assignments can be materially adverse actions because an employee may be dissuaded from bringing a discrimination charge if they are assigned more arduous duties. Id. at 70-71. We've said that "Burlington also strongly suggests that it is for a jury to decide whether anything more than the most petty and trivial actions against an employee should be considered materially adverse to him." Crawford, 529 F.3d at 973 n.13 (quotation omitted).

We've observed that a set of actions may constitute an adverse employment action when considered collectively, even though some actions do not rise to the level of an adverse employment action individually. Shannon, 292 F.3d at 716. An employee suffers a materially adverse action when he receives an unfavorable performance review that affects his eligibility for a pay raise. Crawford, 529 F.3d at 974. A supervisor's statement that the plaintiff failed to perform his job duties sufficiently does not constitute an adverse employment action when nothing in the memorandum indicates that the plaintiff was disciplined. See Garrett v. Univ. of Ala. at Birmingham Bd. of Trs., 507 F.3d 1306, 1309, 1316 (11th Cir. 2007) (analyzing a retaliation claim under the Rehabilitation Act of 1973).

We recognize a retaliatory hostile work environment cause of action under Title VII. Gowski v. Peake, 682 F.3d 1299, 1312 (11th Cir. 2012). The plaintiff

must show that the actions committed against him "were sufficiently severe or pervasive to alter the terms and conditions of employment" in order to establish a retaliatory hostile work environment. Id. The actions must produce an environment that a reasonable person would find hostile or abusive, and the plaintiff must subjectively perceive that the environment is abusive. Id. Among other factors, we consider: (1) the frequency of the conduct; (2) the severity of the conduct; (3) whether the conduct was threatening or humiliating or simply an offensive utterance; and (4) whether it unreasonably interfered with the employee's job performance when determining whether that conduct, under the totality of the circumstances, is sufficiently severe or pervasive to support a hostile work environment claim. Id. In Gowski, we determined that the plaintiffs presented sufficient evidence of a retaliatory hostile work environment because the defendant's administrators solicited reports against the plaintiffs, instructed other employees to encourage them to resign, limited their privileges, removed them from committees and projects, prohibited them from conducting research, reassigned them, and gave them low evaluations. Id. at 1313-14.

Here, the acts committed against Harris by FAHCA employees were not harmful enough to constitute a materially adverse action against him or a hostile work environment. Harris argues that a lowered performance evaluation in 2011 resulted in a denied pay raise, but the undisputed evidence showed that FAHCA

7

did not give attorneys pay raises based on their performance reviews after 2009. Harris points to several criticisms by his supervisors, but he indicated that these criticisms were not disciplinary actions.  As for Harris's claim that he suffered a materially adverse action when FAHCA modified its evaluation procedure so that he was no longer Davis's sole evaluator, he did not show that this resulted in a loss of authority over Davis or an effect on his pay or benefits.  Even when considered together, Harris presented "petty and trivial actions" that were insufficient to raise a jury issue about whether he suffered an adverse action prior to his termination.

Nor were these actions sufficiently severe or pervasive to affect the terms of his employment for purposes of a hostile work environment claim.  The record reveals that Harris did not face frequent hostile conduct against him, the criticisms against him were not severe, and there was little evidence that the conduct by his supervisors was threatening or humiliating.  Therefore, the district court did not err by granting FAHCA summary judgment for Harris's claims of retaliation and retaliatory hostile work environment for the actions against him prior to his termination.

**AFFIRMED**.